Marc I. Kunkin (MIK4182)
SCHINDEL, FARMAN, LIPSIUS
 GARNDER & RABINOVICH LLP
14 Penn Plaza, Suite 500
New York, NY 10122
(212) 563-1710
Attorneys for Defendants, AZ Container Freight
Station, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| THE HARTFORD FINANCIAL SERVICES    :<br>GROUP, as subrogee of DM FRAGRANCES AND :<br>COSMETICS, | Civil Action No.:<br>07 CIV 8775 (Judge Castel) |
|                : | |
|          Plaintiffs,       : | |
|                : | |
|    -against-       : | **ANSWER AND** |
|                : | **CROSS-CLAIMS** |
| C & G DELIVERY, INC., UNITED SHIPPING,    :<br>INC. and AZ CONTAINER FREIGHT STATION  :<br>INC., | |
|                : | |
|          Defendants.   : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      Defendants and AZ CONTAINER FREIGHT STATION, INC., ("AZ") by its attorneys

Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP, as and for its Answer to the

Complaint states, upon information and belief, as follows:

      1.     Denies knowledge of information sufficient to form a belief as to the truth of

each and every allegation contained in paragraph 1 of the complaint.

      2.     Denies knowledge of information sufficient to form a belief as to the truth of

each and every allegation contained in paragraph 2 of the complaint.

      3.     Denies knowledge of information sufficient to form a belief as to the truth of

each and every allegation contained in paragraph 3 of the complaint.

4.     Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 4 of the complaint.

5.     Admits AZ is a corporation duly organized and existing under and by virtue of the laws of New Jersey but, except as so specifically admitted herein, denies each and every allegation contained in paragraph 5 of the complaint.

6.     Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 of the complaint.

7.     Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 7 of the complaint.

8.     Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the complaint.

## FOR A SECOND CAUSE OF ACTION AGAINST AZ CONTAINER FREIGHT STATION, INC.

9.     In response to paragraph 9 of the complaint, defendant repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 8, as if set forth herein at length.

10.     Admit that AZ received skids of cargo but, except as so specifically admitted herein, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of the complaint.

11.     Denies each and every allegation contained in paragraph 11 of the complaint.

12.     Denies each and every allegation contained in paragraph 12 of the complaint.

2

## FOR A THIRD CAUSE OF ACTION AGAINST C & G DELIVERY, INC.

13.    In response to paragraph 13 of the complaint, defendant repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 12, as if set forth herein at length.

14.    Admits and avers that AZ tendered the subject skids, to C&G Delivery in the same condition, order and count as when received by AZ but, except as so specifically admitted herein, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 14 of the complaint.

15.    Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 15 of the complaint.

16.    Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 16 of the complaint.

17.    Denies each and every allegation contained in paragraph 17 of the complaint.

18.    Denies each and every allegation contained in paragraph 18 of the complaint.

19.    Denies each and every allegation contained in paragraph 19 of the complaint.

### GENERAL PROVISION

1.    Any and all allegations not specifically admitted herein are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

2.    Plaintiff has failed to state a cause of action against AZ.

3

## SECOND AFFIRMATIVE DEFENSE

3.      The Property that is the subject matter of plaintiff's complaint was accepted by AZ in accordance with, and subject to all the terms and conditions of all applicable contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein.  AZ duly performed the terms and conditions on its part to be performed.  AZ claims the benefit of all defenses accorded it by those contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein and any other applicable contracts under which the Cargo was transported, stored and/or handled.

## THIRD AFFIRMATIVE DEFENSE

4.      The liability of AZ, if any, is limited by the terms and conditions of any applicable contracts of carriage, contracts of storage, forwarding agreements, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein, statutes and/or regulation.

## FOURTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claim against AZ is untimely pursuant to the applicable contract(s) and/or tariff(s) and/or statute(s).

4

**FIFTH AFFIRMATIVE DEFENSE**

6.    The loss and/or damage to the Cargo was caused by the intervening acts of plaintiff and/or third person(s) which could not be prevented by AZ through the exercise of reasonable care.

**SIXTH AFFIRMATIVE DEFENSE**

7.    This Court lacks jurisdiction over the person of AZ.

**SEVENTH AFFIRMATIVE DEFENSE**

8.    To the extent that plaintiff seeks recovery for special damages, AZ is not responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

9.    In the event that the plaintiff had not or has not any title or interest in the property that is the subject of this action, then the plaintiff is not the real party of interest herein and is not entitled to maintain this suit.

**NINTH AFFIRMATIVE DEFENSE**

10.    Upon information and belief, plaintiff has failed to mitigate damages.

**TENTH AFFIRMATIVE DEFENSE**

11.    The loss at issue was caused by an act or default of the shipper or its agent.

**ELEVENTH THIRD AFFIRMATIVE DEFENSE**

12. Plaintiff has failed to properly serve AZ, its agents and/or employees.

## TWELFTH AFFIRMATIVE DEFENSE

13. AZ hereby reserves all of its rights to amend this answer and/or supplement its Affirmative Defenses in accordance with any additional information developed during the course of discovery.

## CROSS-CLAIM AGAINST C & G DELIVERY, INC. and UNITED SHIPPING, INC.

1. Any injury or damage sustain as alleged in the complaint was caused solely by reason of the negligence of defendants, C & G DELIVERY, INC. and UNITED SHIPPING, INC. without an negligence or culpable conduct on the part of defendants AZ contributing thereto.

2. If plaintiff recovers judgment against AZ for the injuries or damages alleged in the Complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of defendants C & G DELIVERY, INC. and UNITED SHIPPING, INC. and their agents, servants or employees, and defendant AZ is entitled to full indemnity in an amount equal to the total sum of any such judgment, together with costs and disbursements of the within action.

## SECOND CROSS AGAINST C & G DELIVERY, INC. and UNITED SHIPPING, INC.

3. Any injury or damage sustained as alleged in the complaint was caused solely by reason of the negligence of defendants C & G DELIVERY, INC. and UNITED SHIPPING, INC. without any negligence or culpable conduct on part of defendant AZ contributing thereto.

6

4.    If plaintiff recovers judgment against AZ for the injuries or damage alleged in the Complaint, such liability will have been brought about or caused, in substantial part, by the careless, negligent or culpable acts or omissions of defendants C & G DELIVERY, INC. and UNITED SHIPPING, INC. their agents, or employees, and AZ is entitled to contribution from C & G DELIVERY, INC. and UNITED SHIPPING, INC. in accordance with the relative culpability of each defendant in an amount equal to any sum which may be recovered herein by plaintiff, together with costs and disbursements of the within action or in the alternative, that AZ shall have judgment over and against defendants C & G DELIVERY, INC. and UNITED SHIPPING, INC., for contribution and apportionment, together with costs and disbursements of this action, and all other relief which to this Court may seem just and proper.

WHEREFORE, defendant AZ Container Freight Station, Inc. demands judgment dismissing the complaint, or in the alternative for judgment on the cross-claim for the amount of any judgment against defendant AZ Container Freight Station, Inc. together with costs, disbursement and such other and further relief as this Court deems just and proper.

SCHINDEL, FARMAN, LIPSIUS,
GARDNER & RABINOVICH, LLP
Attorneys for Defendants, AZ Container Freight
Station, Inc.

By: _____
         Marc I. Kunkin (MK4182)
14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710
Our File: 4162.0008

7

TO:    Alfred J. Will, Esq.
BADIAK & WILL, LLP
106 Third Street
Mineola, NY 11501
(516) 877-2225
07-P-009-AK

David Y. Loh, Esq.
COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, New York 10006
(212) 908-1202

John Sandercok, Esq.
LESTER, SCHWAB KATZ & DWYER, LLP
120 Broadway, 38th Floor
New York, NY 10271
212-341-4479

AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
                                         ) ss.:

COUNTY OF NEW YORK      )

I, Latoya Peterson, being duly sworn, states as follows: I am over 18 years of age, not a party to the within action, and reside at 14 Penn Plaza, Suite 500, New York, New York 10122. On January 7, 2008, I served the within Answer and Cross-Claims upon the person(s) or parties designated below by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, at the last known address of the addressee(s) as set forth herein.

TO:     Alfred J. Will, Esq.
         BADIAK & WILL, LLP
         106 Third Street
         Mineola, NY 11501

         David Y. Loh, Esq.
         COZEN O'CONNOR
         45 Broadway Atrium, Suite 1600
         New York, New York 10006

         John Sandercok, Esq.
         LESTER, SCHWAB KATZ & DWYER, LLP
         120 Broadway, 38th Floor
         New York, NY 10271

_____
Latoya Peterson

Sworn to before me this
7th day of January, 2008

_____
Notary Public

EDWARD FARMAN
Notary Public, State of New York
No. 02FA4789055
Qualified in Nassau County
Commission Expires Oct. 31, 2009