LSK&D #: 529-7059 / 972020
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THE HARTFORD FINANCIAL SERVICES
GROUP, as subrogee of DM FRAGRANCES            07 CV 8775 (PKC)
AND COSMETICS,

                                                    Plaintiff,     **ANSWER**

            -against-

C & G DELIVERY, INC., UNITED SHIPPING,
INC., and AZ CONTAINER FREIGHT
STATION, INC.,

                                                    Defendants.
------------------------------------------------------------------x

      Defendant, C&G Delivery, Inc. by its attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering plaintiffs' complaint dated October 3, 2007, respectfully states as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the complaint and refers all questions of law to the Court.

      2.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the complaint.

      3.    Denies the allegations contained in paragraph 3 of the complaint.

      4.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the complaint.

      5.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the complaint.

9. Repeats each response to the allegations contained in paragraphs "1" through "7" of the Complaint, as though set forth at length herein.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the complaint.

11. Admits that C & G Delivery received four skids from AZ Container on or about October 20, 2006, but denies knowledge or information sufficient to form a belief as to the contents of the skids, and denies that the skids were not in good order and condition or that they evinced shortage and damage.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the complaint.

13. Repeats each response to the allegations contained in paragraphs "1" through "7" and "10" of the Complaint, as though set forth at length herein.

14. Admits that C & G Delivery received four skids from AZ Container on or about October 20, 2006, for delivery to DM Fragrances, but denies knowledge or information sufficient to form a belief as to the contents of the skids.

15. Admits that C & G Delivery delivered four skids to DM Fragrances on or about October 20, 2006, but denies that the skids were not in good order and condition or that they evinced shortage and damage.

16. Denies the allegations contained in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the complaint.

18. Denies the allegations contained in paragraph 18 of the complaint.

19. Denies the allegations contained in paragraph 19 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

20. The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

21. Plaintiff is not the real party in interest and is not entitled to maintain this action.

### THIRD AFFIRMATIVE DEFENSE

22. Any loss or damage to the goods, as alleged in the Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third-parties and not by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

23. The cargo which is the subject of this suit was carried pursuant to the terms and conditions of a certain bill of lading and applicable tariff by which the shipper,

owner and consignee agreed to be bound, and was also subject to the United States Carriage of Goods By Sea Act, 46 U.S.C. § 1300 et seq. ("COGSA") and/or The Harter Act, 46 U.S.C. § 190, et seq. and/or other federal, state or foreign laws and defendant claims the benefits of all rights, immunities, exonerations, and limitations contained herein, including but not limited to, peril of the sea, Act of God, insufficiency of packaging, act of shipper, etc.

## FIFTH AFFIRMATIVE DEFENSE

24. The nature and valuation of the goods were not declared by the shipper before the shipment and inserted in the bill of lading. If plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per package or customary freight unit, in accordance with the governing tariff and bill of lading, and as set forth in COGSA and/or The Harter Act.

## SIXTH AFFIRMATIVE DEFENSE

25. If any loss or damage was sustained by the shipment referred to in the Complaint, which is denied, such loss or damage was caused by or contributed to by the plaintiffs or third-parties, and not by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

26. The court lacks jurisdiction over the person of this defendant.

## EIGHTH AFFIRMATIVE DEFENSE

27. Plaintiff has failed to properly and fully mitigate its damages.

## NINTH AFFIRMATIVE DEFENSE

28.    Defendant will rely on each and every additional provision of the Carriage of Goods by Sea Acts ("COGSA"), the Harter Act, and the Carmack Amendment, 49 USC 14706, *et seq.,* and/or other governing law, and/or any invoices, and/or any receipts, and/or any agreement(s), and/or any tariff(s), and/or any terms and conditions of the contract(s) of carriage and the "Himalaya" provisions therein which limit and/or exclude its liability herein.

## TENTH AFFIRMATIVE DEFENSE

29.    The complaint fails to join an indispensable party or parties needed for a just adjudication.

## ELEVENTH AFFIRMATIVE DEFENSE

30.    The damages alleged in the complaint resulted from the acts and/or omission of plaintiff, co-defendants, and/or other third parties for whom the answering defendant is not responsible, or in the alternative, if any damages are awarded against the answering defendant, said damages should be reduced in proportion to the amount of negligence, misconduct and/or fault attributable to the respective parties.

## TWELFTH AFFIRMATIVE DEFENSE

31.    Defendant reserves its rights to amend this pleading to reflect additional affirmative defenses as may be revealed through discovery and further pleadings.

## THIRTEENTH AFFIRMATIVE DEFENSE

32.    Defendant reserves the right to assert any and all contractual limitations of liability, limitations on warranty, contractually shortened statutes of limitations, and any other available contractual defenses contained in any invoices, receipts, agreements,

between plaintiff and/or any shipper and/or any carrier and/or defendant, and reserves the right after document discovery is completed to set forth in further detail and with particularity the precise nature and terms of any such contractual limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

33. Some or all the plaintiff's claims are barred based upon a contractual period of limitations pursuant to any shipping invoices, warehouses receipts and/or other bills or lading applicable to the shipment and transport at issue herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

34. Any damages of loss sustained by plaintiff, were caused and/or contributed to by the fault, want to care, culpable conduct or other conduct on the part of plaintiff and/or defendant, including, but not limited to, failure to instruct, warn or advise appropriate transport packaging details, or failure to so design or manufacture said cargo such that it could be safely transported without damage, and not as a result of any conduct on the part of defendant, and therefore plaintiff's damages or loss are barred or diminished in the proportion that said culpable conduct bears to the total culpable conduct causing plaintiff's damages or loss.

### CROSS-CLAIM AGAINST UNITED SHIPPING INC. AND AZ CONTAINER FREIGHT STATION, INC.

35. If plaintiff sustained the loss complained of, such loss was caused in whole or in part by reason of the negligence, breach of contract, violations of law or strict liability of UNITED SHIPPING, INC. and/or AZ CONTAINER FREIGHT STATION, INC., there being no active or primary wrongdoing on the part of this defendant.

36. Therefore, this defendant is entitled to full indemnity from, and for judgment over and against UNITED SHIPPING, INC. and/or AZ CONTAINER FREIGHT STATION, INC. for all of any verdict or judgment which plaintiff may recover against this defendant.

**SECOND CROSS-CLAIM AGAINST UNITED SHIPPING, INC. AND/OR AZ CONTAINER FREIGHT STATION, INC., FOR CONTRIBUTION**

37. If plaintiff sustained the loss complained of, such loss was caused in whole or in part by reason of the negligence, breach of contract, violations of law or strict liability of UNITED SHIPPING, INC. and/or AZ CONTAINER FREIGHT STATION, INC.,, there being no active or primary wrongdoing on the part of this defendant.

38. If this defendant is adjudged to be liable to plaintiff, this defendant is entitled to contribution from UNITED SHIPPING, INC. and/or AZ CONTAINER FREIGHT STATION, INC., equal to their proportionate share of responsibility as is adjudged among all the parties.

**WHEREFORE**, this answering defendant demands judgment dismissing the complaint, together with the attorneys' fees, costs and disbursements of this action.

Dated:     New York, New York
           January 18, 2008

Respectfully submitted,

LESTER SCHWAB KATZ & DWYER, LLP


_____/s/_____
John Sandercock (JS-3916)
Attorneys for Defendant
C&G Delivery, Inc.
120 Broadway
New York, New York  10271
(212)  964-6611

TO:

Alfred J. Will, Esq.
BADIAK & WILL, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, NY 11501-4404
(516) 877-2225

David Y. Loh, Esq.
COZEN O'CONNOR
Attorneys for United Shipping, Inc.
45 Broadway Atrium, Suite 1600
New York, NY 10006

Marc I. Kunkin, Esq.
SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP
Attorneys for AZ Container Freight Station, Inc.
14 Penn Plaza, Suite 500
New York, NY 10122