BADIAK & WILL, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, New York 11501
(516) 877-2225
07-P-009-AK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

THE HARTFORD FINANCIAL SERVICES GROUP,
as subrogee of DM FRAGRANCES AND
COSMETICS,

                       Plaintiff,                    07 CV 8775 (PKC)

        -against-                           **AMENDED**
                                                      **COMPLAINT**

C & G DELIVERY, INC., UNITED SHIPPING LINES,
INC. and AZ CONTAINER FREIGHT STATION, INC.,

                       Defendants.
-------------------------------------------------------------------X

       Plaintiff, THE HARTFORD FINANCIAL SERVICES GROUP, as subrogee of DM FRAGRANCES AND COSMETICS, complaining of the defendants, C & G DELIVERY, INC., UNITED SHIPPING LINES, INC. and AZ CONTAINER FREIGHT STATION, INC., by its attorneys BADIAK & WILL, LLP, sets forth and alleges, upon information and belief, as and for its Amended Complaint, as follows:

       1.     This is an admiralty and maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure.

       2.     At and during all material times hereinafter referred to, plaintiff THE HARTFORD FINANCIAL SERVICES GROUP ("the Hartford") was and still is a business

corporation duly organized and existing under and by virtue of the laws of Delaware, with an office and place of business located at 2 Park Avenue, New York, New York, 10016.

3.  At and during all material times hereinafter referred to, defendant C & G DELIVERY, INC. ("C & G Delivery") was and still is a business corporation duly organized and existing under and by virtue of the laws of New Jersey, with an office and place of business at 600 North Union Avenue, Hillside, New Jersey 07205.

4.  At and during all material times hereinafter referred to, defendant UNITED SHIPPING LINES, INC. ("United Shipping") was and still is a business corporation duly organized and existing under and by virtue of the laws of Colorado, with an office and place of business at 7000 Broadway, Suite 204, Denver, Colorado 80221-2926, and is engaged in business as a common carrier of merchandise by water for hire.

5.  At and during all material times hereinafter referred to, defendant AZ CONTAINER FREIGHT STATION, INC. ("AZ Container") was and still is a business corporation duly organized and existing under and by virtue of the laws of New Jersey, with an office and place of business at 291 Marlin Street, Port Newark, New Jersey 07114.

6.  The Hartford provided all-risk coverage to its assured, DM FRAGRANCES AND COSMETICS ("DM Fragrances"), a fragrance and cosmetics importer based in New Jersey, under policy 13CTPRS3149, was obligated under its policies of insurance to pay, and did pay its assured, for loss and damage sustained by the latter's merchandise, and would be or otherwise became subrogated to the rights of its assured, against third-parties, including the defendants, for the loss and damage sustained, and it is entitled to maintain this action, and brings this action on its own behalf and on behalf of all parties who may be so entitled.

7.      On or about September 11, 2006, Jizan Perfumes of Dubai, United Arab Emirates, delivered into the care, custody and control of United Shipping in Jebel Ali, a shipment of four skids of perfume products, for delivery to plaintiff's subrogor, DM Fragrances. United Shipping agreed to transport and carry said shipment by sea on board the vessel "CMA CGM Nilgai," under Combined Transport Bill of Lading USC/NYC/2, and deliver it to New York, New York, to the order of plaintiff's insured and/or agents, all in consideration of freight charges paid or agreed to be paid.

8.      On or about October 19, 2006, due solely to the conversion, negligence, breach of contract and breach of bailment of defendant United Shipping, said shipment was received by plaintiff's insured or agents not in good order and condition, but, to the contrary, evincing shortage and damage, all in violation of said defendant's obligations and duties as a common carrier and forwarder of merchandise by sea for hire.

## FOR A SECOND CAUSE OF ACTION AGAINST AZ CONTAINER FREIGHT STATION, INC.

9.      Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "7" of this Complaint, as though set forth at length herein.

10.     On or about October 20, 2006, defendant AZ Container received from United Shipping in New York, and subsequently took possession of, a shipment of four skids of perfume products in good order and condition, shipped in container FSCU7471892 and offloaded from the vessel "CMA CGM Nilgai."

11.     On or about October 20, 2006, defendant C & G Delivery received from AZ Container four skids of perfume products, not in good order and condition, but rather, evincing shortage and damage.

12. The shortage and damage sustained by the skids of perfume products was due solely to the conversion, negligence, breach of contract and breach of bailment of defendant AZ Container.

### FOR A THIRD CAUSE OF ACTION AGAINST C & G DELIVERY, INC.

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "7" and "10" of this Complaint, as though set forth at length herein.

14. On or about October 20, 2006, defendant C & G Delivery received from AZ Container four skids of perfume products in good order and condition, for delivery to DM Fragrances.

15. On or about October 20, 2006, C & G Delivery delivered four skids of perfume products to DM Fragrances, not in good order and condition, but rather, evincing shortage and damage.

16. The shortage and damage sustained by the skids of perfume products was due solely to the conversion, negligence, breach of contract and breach of bailment of defendant C & G Delivery.

17. No acts or negligence on the part of plaintiff's insured contributed to the loss herein described.

18. All conditions precedent required of plaintiff and its predecessors-in-interest in said shipment have been performed.

19. By reason of these premises, plaintiff has sustained damages in the amount of $34,782.00.

WHEREFORE, plaintiff demands judgment of defendants, in the amount of $34,782.00, together with pre-judgment interest, costs and such other relief as the Court deems equitable, just and proper.

Dated: Mineola, New York
       February 13, 2008

BADIAK & WILL, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, New York 11501
516-877-2225

By: _____
Alfred J. Will (AJW-2485)

TO:

Cozen O'Connor
Attorneys for Defendant
UNITED SHIPPING LINES, INC.
Attn: David Y. Loh
45 Broadway Atrium, Suite 1600
New York, New York 10006
212-509-9400

Lester, Schwab, Katz & Dwyer, LLP
Attorneys for Co-defendant
C&G DELIVERY, INC.
Attn: John Sandercock
120 Broadway, 38th Floor
New York, New York 10271
212-964-6611

Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP
Attorneys for Co-defendant
AZ CONTAINER FREIGHT STATION, INC.
Attn: Marc I. Kunkin
14 Penn Plaza, Suite 500
New York, New York 10122
212-563-1710