COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, New York 10006-3792
Tel.: (212) 509-9400
David Y. Loh (DYL 0460)

Attorneys for Defendant
UNITED SHIPPING LINES, INC.
Our File No.: 215882

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE HARTFORD FINANCIAL SERVICES    Docket No. 07 Civ. 8775 (PKC) (HP)
GROUP, as subrogee of DM Fragrances and
Cosmetics;

                Plaintiff,

                                                                                **USI'S ANSWER**
   -against-                                                      **TO AMENDED COMPLAINT**
                                                                                 **AND CROSS CLAIMS**

C & G DELIVERY, INC.; UNITED SHIPPING
LINES, INC. and AZ CONTAINER FREIGHT
STATION, INC.;

                Defendants.
------------------------------------------------------------X

       Defendant UNITED SHIPPING LINES, INC. (hereinafter referred to as "USI"), by its attorneys COZEN O'CONNOR, answering plaintiff's Amended Complaint, says as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1," "2" and "3" of the Amended Complaint, and respectfully refers all questions of law for determination by this Court at time of trial.

2. Admits that USI is a corporation organized under the laws of Colorado with a principal

place of business located at 700 Broadway, Suite 204, Denver, Colorado 80221-2926, but except as specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "4" of the Amended Complaint, and specifically denies that it is a common carrier of merchandise by water for hire.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "5" and "6" of the Amended Complaint, and respectfully refers all questions of law for determination by this Court at time of trial.

4. Denies that USI agreed to transport and carry said shipment by sea on board the vessel "CMA CGM NILGAI" under Combined Transport Bill of Lading No. USC/NYC/2. Admits that USI is registered as an NVOCC with the Federal Maritime Commission, but except as specifically admitted, denies each and every remaining allegation contained in paragraph "7" of the Amended Complaint.

5. Denies each and every allegation contained in paragraph "8" of the Amended Complaint, but to the extent paragraph "8" refers to other named defendants, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Amended Complaint.

6. With respect to paragraph "10" of the Amended Complaint, USI repeats, reiterates and realleges each and every denial in paragraphs "1" through "5" of this Answer with the same force and effect as if fully set forth herein.

7. Admits that co-defendant AZ CONTAINER FREIGHT STATION, INC. discharged

four (4) skids of perfume products in good order and condition from Container No. FSCU7471892 into its facility located in New Jersey, but except as specifically admitted denies knowledge sufficient to form a belief as to the remaining allegations contained in paragraph "10" of the Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs "11" and "12" of the Amended Complaint.

9. With respect to paragraph "13" of the Amended Complaint, USI repeats, reiterates and realleges each and every denial in paragraphs "1" through "8" of this Answer with the same force and effect as if fully set forth herein.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14," "15," "16," "17," "18" and "19" of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

11. Plaintiff has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

12. Plaintiff is not the real party in interest.

### THIRD AFFIRMATIVE DEFENSE

13. Defendant USI is an agent for a disclosed principal, HAPAG LLOYD.

### FOURTH AFFIRMATIVE DEFENSE

14. Plaintiff is barred as it has assumed all risks inherent in the subject shipment.

### FIFTH AFFIRMATIVE DEFENSE

15. The occurrence and damages, if any, sustained by plaintiff, resulted wholly and solely from the fault, neglect and want of care of plaintiff or persons and parties other than USI for whose acts said Defendant is not liable or responsible, and was not the result of any negligence, breach of contract, fault or want of care on the part of USI.

### SIXTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred by the equitable principles of waiver, estoppel, accord and satisfaction and laches.

### SEVENTH AFFIRMATIVE DEFENSE

17. USI operates under certain standard terms and conditions. All of these terms and conditions are hereby incorporated by reference and govern the shipment which is the subject of this action. The terms and conditions provide the specific bar to plaintiff's claims and exonerate defendant, USI, in part from liability not to exceed a certain value of the cargo which is lost or damaged.

### EIGHTH AFFIRMATIVE DEFENSE

18. Any loss or damage as alleged arose from acts or omissions of agents of plaintiff for which USI has no liability.

### NINTH AFFIRMATIVE DEFENSE

19. Plaintiff has failed to name necessary and indispensable parties to this action.

### TENTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred by documents issued with respect to the subject shipment including, but not limited to, bills of lading, dock receipts, air waybills, house air waybills, shipper's letters of instructions and delivery receipts.

### ELEVENTH AFFIRMATIVE DEFENSE

21. Plaintiff has failed to make a timely notice of claim and therefore, the instant action is barred as a matter of law and/or the actions are barred by applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

22. USI states that plaintiff failed to provide proper instructions for the handling of the cargo.

### THIRTEENTH AFFIRMATIVE DEFENSE

23. USI claims the benefit of all exculpatory clauses or other similar provisions limiting its liability, as contained within the express terms and conditions of documents issued with regard to the subject shipment and/or any other documents deemed as contracts of carriage, to $500 per package and expressly excluding liability for matters sued upon herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are subject to the provisions of the United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. Appx. Section 1300, *et seq.*, the General Maritime Law and/or the Warsaw Convention, 49 Stat. 3000, *et seq.* and/or the Carmack Amendment,

49 U.S.C. Section 11706 or 14706; and plaintiff cannot establish as a matter of law a prima facie case against defendant USI pursuant to any governing transportation law or statute.

### FIFTEENTH AFFIRMATIVE DEFENSE

25. USI states that it is not responsible or liable for the action or inaction of any independent contractor.

### SIXTEENTH AFFIRMATIVE DEFENSE

26. The claims asserted by plaintiff are barred in whole or in part to the extent that it seeks the recovery of consequential damages, ancillary damages and/or economic losses.

### SEVENTEENTH AFFIRMATIVE DEFENSE

27. Defendant USI is not a "carrier" as that term is defined pursuant to the applicable federal statute governing the transportation of goods for hire and cannot be held liable for plaintiff's claim for cargo loss or damage.

### EIGHTEENTH AFFIRMATIVE DEFENSE

28. This Court lacks personal jurisdiction over defendant USI in this matter.

### NINETEENTH AFFIRMATIVE DEFENSE

29. This dispute is not properly venued in the U.S. District Court for the Southern District of New York in that the shipment in question did not travel through the State of New York, none of the operative facts and witnesses are located within this district and plaintiff's alleged damage would have occurred in or around the area of Port Newark, New Jersey.

### TWENTIETH AFFIRMATIVE DEFENSE

30. *Forum non conveniens.*

### TWENTY-FIRST AFFIRMATIVE DEFENSE

31. If an ocean carrier, such as Hapag-Lloyd, issued its own master bill of lading for the subject shipment, which is not known at this time, then USI is entitled to benefit of any and all defenses, waivers, exceptions or qualifications set forth in the terms and conditions of said bill of lading, including but not limited to any foreign forum selection clause.

### CROSS CLAIM

### AS AND FOR USI'S CROSS CLAIMS AGAINST ALL CO-DEFENDANTS

COMES NOW, defendant UNITED SHIPPING LINES, INC. (hereinafter referred to as "USI"), by and through its counsel and pursuant to Rule 13 of the Federal Rules of Civil Procedure, files this Cross Claim against co-defendants C & G DELIVERY, INC. and AZ CONTAINER FREIGHT STATION, INC. (hereinafter collectively referred to herein as "co-defendants"), and alleges:

1. This Court has jurisdiction of this action ancillary to the main action in the above-numbered cause.

2. Co-defendants were, and are, common carriers of goods for hire, or warehousemen/bailees responsible for the physical care, custody or control of the cargo which is the subject of plaintiff's Amended Complaint.

3. According to plaintiff's allegations, the plaintiff's subrogor was at all time herein mentioned, and still is, the owner of certain property which was to be shipped from Jebel Ali, United Arab Emirates for delivery to Port Newark, New Jersey, and which was delivered to co-defendants for transportation and ultimate delivery to the final consignee, DM Fragances & Cosmetics, Inc. in Little Ferry, New Jersey.

4. Plaintiff alleges that it or its agents stuffed a shipment of perfume products (hereinafter referred to as "the cargo") into Container No. FSCU7471892.

5. All conditions precedent to this action have occurred.

### AS AND FOR USI'S FIRST CAUSE OF ACTION
### (CONTRIBUTION AND INDEMNITY)

6. USI, hereby repeats and realleges Paragraphs "1" through "5" of this cross claim, as if fully set forth herein.

7. Plaintiff asserts, in the underlying Amended Complaint, that USI is liable for damages incurred as a result of the loss of a shipment of cargo purportedly entrusted to the co-defendants in this action. USI denies any liability thereunder; however, in the event that USI is found liable, it would show that plaintiff's damages resulted from the co-defendants' failure to comport with standard of care accepted in the industry, and/or resulted from said co-defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to the co-defendants' custody and/or control.

8. In particular, co-defendants agreed to accept the cargo in good order and condition and deliver same to the consignee in good order and condition. Plaintiff alleges that the cargo loss or damage occurred while in the care, custody and control of co-defendants.

9. USI has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees, as a result of the action or inaction of the co-defendants herein.

10. In the event that plaintiff's damages resulted from the negligence, breach of contract, or breach of some other duty by the co-defendants, all actions by USI were merely constructive, technical, vicarious, subordinate, and/or passive and therefore, USI is entitled to contribution and/or indemnity, equitable or otherwise, from the co-defendants, in an amount equal to the sum of any judgment, together with any attorneys' fees and disbursements of this action.

### AS AND FOR USI'S SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

11. USI hereby repeats and realleges paragraphs "1" through "10" of this cross claim, as if fully set forth herein.

12. Plaintiff asserts, in the underlying Amended Complaint, that USI is liable for damages incurred, as a result of damages to a shipment of cargo purportedly entrusted to co-defendants in said action. USI denies any liability thereunder; however, in the event that USI is found liable, it would show that plaintiff's damages resulted from co-defendants' failure to comport with standards of care accepted in said industry, and/or resulted from said co-defendants' breach of statutory and/or contractual obligations to safely arrange for

and/or deliver the goods which were entrusted to the co-defendants' custody and/or control.

13. Co-defendants entered into contracts of carriage, or contracts incident to carriage with USI, which provided for the exercise of due care in the arrangement and/or procurement and/or movement of the subject cargo.

14. Co-defendants breached these contractual obligations by failing to deliver in good order and condition the subject cargo, and/or failing to meet its contractual duty by selecting and/or arranging for the movement of said goods.

15. USI has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the co-defendants herein.

16. Should the co-defendants' breach of its duties, contractual or otherwise, proximately result in a judgment against USI, USI shall be entitled to recovery for said breach, as against said co-defendants, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

### AS AND FOR USI'S THIRD CAUSE OF ACTION
### (NEGLIGENCE)

17. USI hereby repeats and realleges paragraphs "1" through "16" of the cross claim, as if fully set forth herein.

18. Plaintiff asserts, in the underlying Amended Complaint, that USI is liable for damages incurred, as a result of damages to a shipment of cargo purportedly entrusted to defendant

in said action. USI denies any liability thereunder; however, in the event that USI is found liable, it would show that plaintiff's damages resulted from co-defendants' failure to comport with standards of care accepted in said industry, and/or resulted from said co-defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to the co-defendants' custody and/or control.

19. USI has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the co-defendants herein.

20. Should the co-defendants' breach of its duties of care, as imposed by industry standards and/or statute and/or otherwise, proximately result in a judgment against USI, USI shall be entitled to recovery for said negligence, as against said co-defendants, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

### AS AND FOR USI'S THIRD CAUSE OF ACTION
### (BREACH OF EXPRESS AND IMPLIED WARRANTY)

21. USI hereby repeats and realleges paragraphs "1" through "20" of the cross claim, as if fully set forth herein.

22. USI entered into a contract and agreement with co-defendants to provide certain transportation and storage services for the cargo, for which work USI agreed to pay co-defendants the cost thereof.

23. USI entered into said contract with co-defendants relying upon an implied and express warranty by co-defendants that said services would be done in a careful, skillful and workmanlike manner.

24. Co-defendants failed to perform said services, as provided for in the contract, in a careful, skillful and workmanlike manner, as heretofore alleged, and thereby breached the warranty entered into with USI.

25. USI has duly performed all of the conditions of said contract on its part to be performed and, as a result of the breach of warranty on the part of co-defendants, USI has suffered the damages heretofore alleged.

26. USI has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the co-defendants herein.

27. Should the co-defendants' breach of their express and implied warranties proximately result in a judgment against USI, USI shall be entitled to recovery for said breach of warranties, as against said co-defendants, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

**WHEREFORE**, defendant UNITED SHIPPING LINES, INC. respectfully requests that this Court dismiss the Amended Complaint filed in this action, together with costs and disbursements, including reasonable attorneys' fees and expenses, and enter a judgment, as against co-defendants C & G DELIVERY, INC. and AZ CONTAINER FREIGHT STATION, INC., for each of the causes of actions asserted in this cross claim, together with an award of attorneys' fees, costs and any other further relief that justice requires.

Dated: March 17, 2008
      New York, New York

                COZEN O'CONNOR
                Attorneys for Defendant
                UNITED SHIPPING LINES, INC.

By: _____
    David Y. Loh (DL 0460)
    45 Broadway – 16th Floor
    New York, New York 10006
    Tel.: (212) 509-9400
    File No.: 215882

TO:

BADIAK & WILL, LLC
Attorneys for Plaintiff
106 Third Street
Mineola, New York  11501

Attention:  Alfred J. Will, Esq.


LESTER, SCHWAB, KATZ & DWYER, LLP
Attorneys for Co-defendant
C & G DELIVERY, INC.
120 Broadway, 38th Floor
New York, New York  10271

Attention:  John Sandercock, Esq.


SCHINDEL, FARMAN, LIPSIUS,
  GARDNER & RABINOVICH, LLP
Attorneys for Co-defendant
AZ CONTAINER FREIGHT STATION, INC.
14 Penn Plaza, Suite 500
New York, New York  10122

Attention:  Marc I. Kunkin, Esq.


NEWYORK_DOWNTOWN\358284\1   215882.000

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Nancy Bell, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age, and reside in Staten Island, New York. On March 18, 2008, I served the within *USI's Answer to Amended Complaint and Cross Claims* by depositing true copies thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, addressed to the following counsel at their last known addresses set forth below:

Badiak & Will, LLC
106 Third Street
Mineola, New York 11501
Attention: Alfred J. Will, Esq.

Lester, Schwab, Katz & Dwyer, LLP
120 Broadway, 38th Floor
New York, New York 10271
Attention: John Sandercock, Esq.

Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP
14 Penn Plaza - Suite 500
New York, New York 10122
Attention: Marc I. Kunkin, Esq.

Sworn to before me this 18th day
of March, 2008.

_____
Notary Public

WILLIAM BROUDY
NOTARY PUBLIC, STATE OF NEW YORK
NO. 60-5468372
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES: JULY 31, 2010

_____
Nancy Bell

NEWYORK\358433\1 215882.000