Marc I. Kunkin (MIK4182)
SCHINDEL, FARMAN, LIPSIUS
 GARNDER & RABINOVICH LLP
14 Penn Plaza, Suite 500
New York, NY 10122
(212) 563-1710
Attorneys for Defendants, AZ Container Freight Station, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| THE HARTFORD FINANCIAL SERVICES GROUP, as subrogee of DM FRAGRANCES AND COSMETICS,<br><br>                          Plaintiffs,<br><br>     -against-<br><br>C & G DELIVERY, INC., UNITED SHIPPING LINES, INC. and AZ CONTAINER FREIGHT STATION INC.,<br><br>                          Defendants. | Civil Action No.:<br>07 CIV 8775 (Judge Castel)<br><br><br><br><br>**ANSWER TO**<br>**USI'S CROSS-CLAIM** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Defendant AZ CONTAINER FREIGHT STATION, INC., ("AZ"), by its attorneys Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP, answering cross claim of United Shipping Lines, Inc. ("USI"), upon information and belief, states as follows:

CROSS CLAIM

AS AND FOR USI'S CROSS CLAIMS AGAINST ALL CO-DEFENDANTS

1.     Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 of the cross claim and refers all questions of law to the court.

1

2. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 2 of the cross claim and refers all questions of law to the court.

3. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 3 of the cross claim and refers all documents to the court for their content and meaning.

4. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 4 of the cross claim and refers all documents to the court for their content and meaning.

5. Denies each and every allegation contained in paragraph 5 of the cross claim.

## AS AND FOR USI'S FIRST CAUSE OF ACTION (CONTRIBUTION AND INDEMNITY)

6. In response to paragraph 6 of the cross claim, defendant repeats and realleges each and every response to the allegations contained in paragraphs 1 through 5 as if set forth herein at length.

7. Denies each and every allegation contained in paragraph 7 of the cross claim.

8. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the cross claim.

9. Denies each and every allegation contained in paragraph 9 of the cross claim.

10. Denies each and every allegation contained in paragraph 10 of the cross claim.

## AS AND FOR USI'S SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

11. In response to paragraph 11 of the cross claim, defendant repeats and realleges each and every response to the allegations contained in paragraphs 1 through 10 as if set forth herein at length.

12. Denies each and every allegation contained in paragraph 12 of the cross claim.

13. Denies each and every allegation contained in paragraph 13 of the cross claim.

14. Denies each and every allegation contained in paragraph 14 of the cross claim.

15. Denies each and every allegation contained in paragraph 15 of the cross claim.

16. Denies each and every allegation contained in paragraph 16 of the cross claim.

## AS AND FOR USI'S THIRD CAUSE OF ACTION
## NEGLIGENCE

17. In response to paragraph 17 of the cross claim, defendant repeats and realleges each and every response to the allegations contained in paragraphs 1 through 16 as if set forth herein at length.

18. Denies each and every allegation contained in paragraph 18 of the cross claim.

19. Denies each and every allegation contained in paragraph 19 of the cross claim.

20. Denies each and every allegation contained in paragraph 20 of the cross claim.

## AS AND FOR USI'S THIRD CAUSE OF ACTION
## (BREACH OF EXPRESS AND IMPLIED WARRANTY)

21. In response to paragraph 21 of the cross claim, defendant repeats and realleges each and every response to the allegations contained in paragraphs 1 through 20 as if set forth herein at length.

22. Denies each and every allegation contained in paragraph 22 of the cross claim.

23. Denies each and every allegation contained in paragraph 23 of the cross claim.

24. Denies each and every allegation contained in paragraph 24 of the cross claim.

25. Denies each and every allegation contained in paragraph 25 of the cross claim.

26. Denies each and every allegation contained in paragraph 26 of the cross claim.

27. Denies each and every allegation contained in paragraph 27 of the cross claim.

## GENERAL PROVISION

1. Any and all allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

2. USI has failed to state a cause of action against AZ.

### SECOND AFFIRMATIVE DEFENSE

3. The Property that is the subject matter of plaintiff's complaint and USI's cross claims was accepted by AZ in accordance with, and subject to all the terms and conditions of all applicable contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein. AZ duly performed the terms and conditions on its part to be performed. AZ claims the benefit of all defenses accorded it by those contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein and any other applicable contracts under which the Cargo was transported, stored and/or handled.

### THIRD AFFIRMATIVE DEFENSE

4.    The liability of AZ, if any, is limited by the terms and conditions of any applicable contracts of carriage, contracts of storage, forwarding agreements, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein, statutes and/or regulation.

### FOURTH AFFIRMATIVE DEFENSE

5.    The claims against AZ is untimely pursuant to the applicable contract(s) and/or tariff(s) and/or statute(s).

### FIFTH AFFIRMATIVE DEFENSE

6.    The loss and/or damage to the Cargo was caused by the intervening acts of plaintiff, USI, and/or third person(s) which could not be prevented by AZ through the exercise of reasonable care.

### SIXTH AFFIRMATIVE DEFENSE

7.    This Court lacks jurisdiction over the person of AZ.

### SEVENTH AFFIRMATIVE DEFENSE

8.    To the extent that plaintiff and/or USI seek recovery for special damages, AZ is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

9.    In the event that the plaintiff had not or has not any title or interest in the property that is the subject of this action, then the plaintiff is not the real party of interest herein and is not entitled to maintain this suit.

## NINTH AFFIRMATIVE DEFENSE

10. Upon information and belief, plaintiff and/or USI have failed to mitigate damages.

## TENTH AFFIRMATIVE DEFENSE

11. The loss at issue was caused by an act or default of the shipper or its agent.

## ELEVENTH THIRD AFFIRMATIVE DEFENSE

12. Plaintiff and/ or USI, has failed to properly serve AZ, its agents and/or employees.

## TWELFTH AFFIRMATIVE DEFENSE

13. AZ hereby reserves all of its rights to amend this answer and/or supplement its Affirmative Defenses in accordance with any additional information developed during the course of discovery.

WHEREFORE, defendant AZ Container Freight Station, Inc. demands judgment dismissing the cross claim together with costs, disbursement and such other and further relief as this Court deems just and proper.

Dated: March 25, 2008
      New York, New York

SCHINDEL, FARMAN, LIPSIUS,
GARDNER & RABINOVICH, LLP
Attorneys for Defendants, AZ Container Freight Station, Inc.

By: _____
Marc I. Kunkin (MK4182)
14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710
Our File: 4162.0008

TO:    David Y. Loh, Esq.
        COZEN O'CONNOR
        45 Broadway Atrium, Suite 1600
        New York, New York 10006
        (212) 908-1202
        Your File No.: 215882

        Alfred J. Will, Esq.
        BADIAK & WILL, LLP
        106 Third Street
        Mineola, NY 11501
        (516) 877-2225
        07-P-009-AK

        John Sandercok, Esq.
        LESTER, SCHWAB KATZ & DWYER, LLP
        120 Broadway, 38th Floor
        New York, NY 10271
        212-341-4479

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK           )

I, Latoya Peterson, being duly sworn, states as follows: I am over 18 years of age, not a party to the within action, and reside at 14 Penn Plaza, Suite 500, New York, New York 10122. On March 25, 2008, I served the within **Answer to USI's Cross-Claims** upon the person(s) or parties designated below by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, at the last known address of the addressee(s) as set forth herein.

TO:   Alfred J. Will, Esq.
      BADIAK & WILL, LLP
      106 Third Street
      Mineola, NY 11501

      David Y. Loh, Esq.
      COZEN O'CONNOR
      45 Broadway Atrium, Suite 1600
      New York, New York 10006

      John Sandercok, Esq.
      LESTER, SCHWAB KATZ & DWYER, LLP
      120 Broadway, 38th Floor
      New York, NY 10271

_____
Latoya Peterson

Sworn to before me this
25th day of March, 2008

_____
Notary Public

EDWARD FARMAN
Notary Public, State of New York
No. 02FA4789055
Qualified in Nassau County
Commission Expires Oct. 31, 2009